Pee Curiam.
We have looked into the authorities upon the point argued before us, and they satisfy us .that an indictment for forging a writing, describing the same by saying purporting to be signed by the president and directors, and setting out the forged writing verbatim, upon the face of which it does not appear to have been by order of the president and directors, is a fatal defect. Therefore the prisoner must be discharged from this judgment, and we cannot order him to be retained in custody to be tried again, because we have no original jurisdiction. As to the point whether under our construction he can be tried again, we do * not say anything at this time, it not' being necessary.
Judgment accordingly, that he. be discharged from this judgment.'
See Croxdale v. State, 1 Head, 139; Hooper v. State, 8 Hum. 93; Bennett v. State, 8 Hum. 118; Fogg v. State, 9 Yer. 392; Snell v. State, 2 Hum. 347; Hill v. State, 1 Yer. 76; King’s Digest, 4399-4403.